SLT:MEL
F. #2014R01920 /OCDETF # NYNYE-764

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

   - against -

DARIO ANTONIO USUGA-DAVID,
   also known as "Otoniel," "Mao,"
   "Gallo" and "Mauricio-Gallo," and
DANIEL RENDON-HERRERA,
   also known as "Don Mario,"

             Defendants.

- - - - - - - - - - - - - -X

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. 14-0635 (S-1) (DLI)
(T. 18, U.S.C., §§ 3238 and 3551 et seq.;T.
21, U.S.C., §§ 848(a), 848(c), 853(a),
853(p), 959(c), 960(b)(1)(B)(ii) and 963)



THE GRAND JURY CHARGES:

## INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

1.    The LOS URABEÑOS Drug Trafficking Organization (the "URABEÑOS") was a cocaine trafficking and paramilitary organization based in Urubá, Colombia.

2.    The defendants DARIO ANTONIO USUGA-DAVID, also known as "Otoniel," "Mao," "Gallo" and "Mauricio-Gallo," and DANIEL RENDON-HERRERA, also known as "Don Mario," were principal leaders of the URABEÑOS.

3.    The URABEÑOS was involved in multi-ton shipments of cocaine from Colombia to Mexico and Central America for ultimate importation into the United States. The URABEÑOS coordinated the production, purchase and transfer of shipments of cocaine,

as well as the receipt of shipments of cocaine in Mexico and Central America. The URABEÑOS also controlled territory in various areas in Colombia and imposed a "tax" on any drug traffickers operating in regions under the URABEÑOS' control. Specifically, the URABEÑOS charged a set fee for every kilogram of cocaine that was manufactured, stored or transported through areas controlled by the URABEÑOS.

4.  The URABEÑOS also employed "sicarios," or hitmen, who carried out various acts of violence, including murders, assaults, kidnappings and assassinations. The URABEÑOS utilized these acts of violence to collect drug debts, maintain discipline, control and expand drug territory and to promote and enhance the prestige, reputation and position of the organization.

## COUNT ONE
(Continuing Criminal Enterprise)

5.  The allegations contained in paragraphs one through four are realleged and incorporated as if fully set forth in this paragraph.

6.  In or about and between June 2003 and December 2014, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendants DARIO ANTONIO USUGA-DAVID, also known as "Otoniel," "Mao," "Gallo" and "Mauricio-Gallo," and DANIEL RENDON-HERRERA, also known as "Don Mario," together with others, did knowingly and intentionally engage in a continuing criminal enterprise, in that the defendants DARIO ANTONIO USUGA-DAVID and DANIEL RENDON-HERRERA committed violations of Title 21, United States Code, Sections 846, 848(e), 952(a), 959(a), 960 and 963, including Violations One through Twenty-Seven set forth

2

below, which violations were part of a continuing series of violations of those statutes undertaken by the defendants DARIO ANTONIO USUGA-DAVID and DANIEL RENDON-HERRERA, in concert with five or more other persons with respect to whom the defendants DARIO ANTONIO USUGA-DAVID and DANIEL RENDON-HERRERA occupied a supervisory and management position, and from which continuing series of violations the defendants DARIO ANTONIO USUGA-DAVID and DANIEL RENDON-HERRERA obtained substantial income and resources. The continuing series of violations, as defined by Title 21, United States Code, Section 848(c), included Violations One through Twenty-Seven set forth below:

Violations One Through Twenty-Six
(International Cocaine Distribution)

7. On or about the dates listed below, all dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendants DARIO ANTONIO USUGA-DAVID, also known as "Otoniel," "Mao," "Gallo" and "Mauricio-Gallo," and DANIEL RENDON-HERRERA, also known as "Don Mario," together with others, did knowingly and intentionally distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offenses involved a substance containing cocaine, a Schedule II controlled substance, in the amounts listed below, contrary to Title 21, United States Code, Sections 959(a), 959(c), 960(a)(3) and 960(b)(1)(B)(ii), and Title 18, United States Code, Section 2:

| VIOLATION | APPROXIMATE AMOUNT | APPROXIMATE DATE |
|---|---|---|
| 1 | 1,600 kilograms of cocaine | June 18, 2003 |
| 2 | 2,040 kilograms of cocaine | August 3, 2003 |

3

| 3  | 1,800 kilograms of cocaine  | August 15, 2003 |
|----|------------------------------|------------------|
| 4  | 1,650 kilograms of cocaine  | August 28, 2003 |
| 5  | 1,200 kilograms of cocaine  | September 28, 2003 |
| 6  | 1,400 kilograms of cocaine  | September 3, 2004 |
| 7  | 1,796 kilograms of cocaine  | September 19, 2004 |
| 8  | 2,000 kilograms of cocaine  | October 22, 2004 |
| 9  | 1,670 kilograms of cocaine  | November 16, 2004 |
| 10 | 1,868 kilograms of cocaine  | November 19, 2004 |
| 11 | 2,090 kilograms of cocaine  | November 25, 2004 |
| 12 | 2,060 kilograms of cocaine  | January 27, 2005 |
| 13 | 1,811 kilograms of cocaine  | June 2, 2005 |
| 14 | 2,000 kilograms of cocaine  | August 26, 2005 |
| 15 | 1,700 kilograms of cocaine  | January 10, 2006 |
| 16 | 1,940 kilograms of cocaine  | May 20, 2006 |
| 17 | 2,100 kilograms of cocaine  | November 10, 2006 |
| 18 | 1,870 kilograms of cocaine  | January 3, 2007 |
| 19 | 2,100 kilograms of cocaine  | April 19, 2007 |
| 20 | 2,000 kilograms of cocaine  | May 25, 2007 |
| 21 | 2,000 kilograms of cocaine  | July 3, 2007 |
| 22 | 2,000 kilograms of cocaine  | July 23, 2007 |
| 23 | 2,000 kilograms of cocaine  | November 6, 2007 |
| 24 | 1,950 kilograms of cocaine  | November 20, 2007 |
| 25 | 1,000 kilograms of cocaine  | December 2009 |
| 26 | 12,000 kilograms of cocaine | Jan. 2010 to Jan. 2011 |

Violation Twenty-Seven
(Murder Conspiracy – Rival Drug Traffickers)

8. In or about and between June 2003 and December 2014, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendants DARIO ANTONIO USUGA-DAVID, also known as "Otoniel," "Mao," "Gallo" and "Mauricio-Gallo," and DANIEL RENDON-HERRERA, also known as "Don Mario," together with others, while engaged in one or more offenses punishable under Section 960(b)(1) of Title 21 of the United States Code, to wit: the crime charged in Count Two, did knowingly and intentionally conspire to kill and cause the intentional killing of one or more

4

persons, to wit: leaders, members and associates of rival drug trafficking organizations, and such killings did result, in violation of Title 21, United States Code, Sections 848(e)(1)(A) and 846.

(Title 21, United States Code, Sections 848(a) and 848(c); Title 18, United States Code, Sections 3238 and 3551 et seq.)

## COUNT TWO
(International Cocaine Distribution Conspiracy)

9. The allegations contained in paragraphs one through four are realleged and incorporated as if fully set forth in this paragraph.

10. In or about and between June 2003 and December 2014, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendants DARIO ANTONIO USUGA-DAVID, also known as "Otoniel," "Mao," "Gallo" and "Mauricio-Gallo," and DANIEL RENDON-HERRERA, also known as "Don Mario," together with others, did knowingly and intentionally conspire to distribute a controlled substance, which offense involved a substance containing cocaine, a Schedule II controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, contrary to Title 21, United States Code, Sections 959(a) and 960(a)(3). The amount of cocaine involved in the conspiracy attributable to the defendant as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, was at least five kilograms or more of a substance containing cocaine.

(Title 21, United States Code, Sections 959(c), 960(b)(1)(B)(ii) and 963; Title 18, United States Code, Sections 3238 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNT ONE

11. The United States hereby gives notice to the defendants charged in Count One that, upon their conviction of such offense, the government will seek a forfeiture money judgment in accordance with Title 21, United States Code, Section 853(a), which requires any person convicted of such offense to forfeit (1) any property constituting, or derived from, proceeds obtained, directly or indirectly, as the result of such offense, (2) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense, and (3) any of his interest in, claims against and property or contractual rights affording a source of control over, the continuing criminal enterprise.

12. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 21, United States Code, Sections 853(a) and 853(p))

6

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNT TWO

13. The United States hereby gives notice to the defendants that, upon their conviction of the offense charged in Count Two, the government will seek a forfeiture money judgment in accordance with Title 21, United States Code, Section 853(a), which requires any person convicted of such offenses to forfeit any property constituting, or derived from, proceeds obtained, directly or indirectly, as the result of such offense, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense.

14. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 21, United States Code, Sections 853(a) and 853(p))

A TRUE BILL

*[signature]*
FOREPERSON

*[signature]*
LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

8

F. #2014R01920/OCDETF #NYNYE-764

FORM DBD-34
JUN. 85

No. _____

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

DARIO ANTONIO USUGA-DAVID, also known as "Otoniel," "Mao," "Gallo" and "Mauricio-Gallo," and DANIEL RENDON-HERRERA, also known as "Don Mario,"

Defendants.

## INDICTMENT

(T. 18, U.S.C., §§ 3238 and 3551 et seq.; T. 21, U.S.C., §§ 848(a), 848(c), 853(a), 853(p), 959(c), 960(b)(1)(B)(ii) and 963)

*A true bill.*

_____
                                                                   *Foreperson*

*Filed in open court this* _____ *day of* _____ *A.D. 20* \_\_\_\_\_

_____
                                                                   *Clerk*

*Bail, $* _____

*Steven L. Tiscione, Assistant U.S. Attorney (718) 254-6317*