REPÚBLICA DE COLOMBIA



MINISTERIO DE JUSTICIA Y DEL DERECHO

RESOLUCIÓN NÚMERO 425 DE

# 2 0 DIC 2017

Por la cual se ordena una entrega

**EL PRESIDENTE DE LA REPÚBLICA DE COLOMBIA,**
en ejercicio de la facultad que le confiere el artículo 491 de la Ley 906 de 2004, y

**CONSIDERANDO:**

1. Que mediante Resolución Ejecutiva N° 363 del 12 de diciembre de 2014, el Gobierno Nacional **concedió la extradición** del ciudadano colombiano **DANIEL RENDÓN HERRERA**, identificado con la Cédula de Ciudadanía N° 8.011.256, para que comparezca a juicio ante las autoridades de los Estados Unidos de América, por los siguientes cargos:

**Cargo Uno:** Concierto para: (a) suministrar apoyo material o recursos a una organización terrorista internacional, a saber, las Autodefensas Unidas de Colombia (AUC), que fue y continua siendo designada como organización terrorista internacional por el Secretario de Estado de los Estados Unidos; y (b) suministrar a las AUC armas, utilidades provenientes de la venta de narcóticos, personal, y otro tipo de respaldo y recursos, con el conocimiento de que las AUC habían participado y estaban participando en actividad terrorista; y,

**Cargo Dos:** Concierto para: (a) importar cinco kilogramos o más de cocaína a los Estados Unidos desde un lugar fuera de los Estados Unidos; y (b) distribuir cinco kilogramos o más de cocaína, con el conocimiento y la intención de que dicha sustancia sería importada a los Estados Unidos desde un lugar fuera de los Estados Unidos.

Los anteriores cargos se encuentran mencionados en la acusación sustitutiva No. S6 04 Cr. 962 (LAP), dictada el 1 de octubre de 2013, en la Corte Distrital de los Estados Unidos para el Distrito Sur de Nueva York.

MINISTERIO DE JUSTICIA Y DEL DERECHO
ÁLVARO GÓMEZ TRUJILLO
SECRETARIO GENERAL

ES COPIA DEL ORIGINAL QUE REPOSA
EN LOS ARCHIVOS DE ESTE MINISTERIO

425

Hoja No. 2 de la Resolución "Por la cual se ordena una entrega".

En la misma decisión, el Gobierno Nacional **negó la extradición** del ciudadano colombiano **DANIEL RENDÓN HERRERA** por el **Cargo Tres** (Concierto para fabricar, distribuir y poseer con la intención de fabricar y distribuir cinco kilogramos o más de cocaína, con el conocimiento y la intención de suministrar, directa o indirectamente, algo de valor monetario a una persona y organización que ha participado y participa en actividad terrorista y terrorismo, a saber, las AUC, sus miembros, operativos y asociados, teniendo conocimiento de que dichas personas y organización han participado en y participan en terrorismo y actividad terrorista), referido en la acusación sustitutiva No. S6 04 Cr. 962 (LAP), dictada el 1 de octubre de 2013, en la Corte Distrital de los Estados Unidos para el Distrito Sur de Nueva York, teniendo en cuenta que para este Cargo la Sala de Casación Penal de la Corte Suprema de Justicia emitió concepto desfavorable a la extradición.

Finalmente, el Gobierno Nacional, resolvió, con fundamento en las facultades otorgadas en el artículo 504 de la Ley 906 de 2004, para diferir o aplazar la entrega del reclamado, y atendiendo lo señalado por la Corte Suprema de Justicia en su concepto[1], diferir la entrega del ciudadano **DANIEL RENDÓN HERRERA**, hasta tanto el requerido rindiera las versiones que estuvieren pendientes de tramitarse, con el fin de amparar de este modo los derechos de las víctimas, para lo cual el Ministerio de Justicia y del Derecho, periódicamente, cada tres (3) meses, solicitaría información al Fiscal General de la Nación sobre la colaboración que estuviera prestando el ciudadano **DANIEL RENDÓN HERRERA** y las diligencias que tuviera pendientes.

En el mencionado acto administrativo, el Gobierno Nacional advirtió de forma expresa que el plazo que se otorgaba para la ejecución de la entrega no conferiría derecho alguno al extraditado sino que el mismo se daba con la finalidad de facilitar la colaboración con la justicia para que el ciudadano requerido pudiera ser escuchado en las versiones, interrogatorios e indagatorias que estuvieren pendientes de tramitarse.

2. Que el anterior acto administrativo no fue impugnado y quedó en firme en los términos de lo dispuesto en el numeral 3 del artículo 87 del Código de Procedimiento Administrativo y de lo Contencioso Administrativo.

3. Que de acuerdo con lo dispuesto en el artículo 3 de la Resolución Ejecutiva N° 363 del 12 de diciembre de 2014, el Gobierno Nacional evaluará el cumplimiento de la condición allí establecida.

4. Que luego de varios informes periódicos[2] allegados al Ministerio de Justicia, relacionados con la colaboración y diligencias pendientes de realización con el ciudadano **DANIEL RENDÓN HERRERA**, el Fiscal Delegado Contra la Criminalidad Organizada, mediante comunicación 20177770017373 del 2 de noviembre de 2017, envió a la Dirección de Asuntos Internacionales de la Fiscalía General de la Nación, el **INFORME FINAL** correspondiente a las actividades desarrolladas por el Grupo de

---

[1] Emitido el 12 de noviembre de 2014
[2] Oficios Nos. 3593 del 15 de mayo de 2015; 3669 del 26 de noviembre de 2015; 625 del 29 de febrero de 2016; 1497 del 25 de mayo de 2016; 2383 del 25 de agosto de 2016; 20167770014903 del 27 de diciembre de 2016; 20177770013213 del 25 de septiembre de 2017 y 20177770017373 del 2 de noviembre de 2017.

MINISTERIO DE JUSTICIA Y DEL DERECHO
ÁLVARO GÓMEZ TRUJILLO
SECRETARIO GENERAL

ES COPIA DEL ORIGINAL QUE REPOSA
EN LOS ARCHIVOS DE ESTE MINISTERIO

425

Hoja No. 3 de la Resolución "Por la cual se ordena una entrega".

Articulación para el apoyo de las investigaciones relacionadas con el ciudadano colombiano **DANIEL RENDÓN HERRERA**, alias "Don Mario", radicado en el Ministerio de Justicia y del Derecho el 8 de noviembre de 2017.

En la mencionada comunicación, el Delegado Contra la Criminalidad Organizada informó que *"De acuerdo con el cronograma de actividades propuesto por esta Delegada (antes Dirección de Articulación de Fiscalías Nacionales Especializadas),las diligencias que se encontraban pendientes (indagatorias, interrogatorios, declaraciones juradas y sentencias anticipadas) **se realizaron en la medida de lo posible, teniendo en cuenta la magnitud y complejidad de los fenómenos criminales asociados al señor Rendón Herrera y al extenso ámbito espacio – temporal de ocurrencia de los mismos...**"*

Precisó la mencionada autoridad que para el cumplimiento de dichas diligencias se atendieron criterios de priorización de situaciones y casos con observancia y reconocimiento de los derechos que le asisten a las víctimas directas e indirectas de las conductas criminales reconocidas y aceptadas por el señor **RENDÓN HERRERA.**

Por último manifestó el Delegado que *"Las investigaciones iniciadas con fundamento en la colaboración ofrecida por el extraditable se continuarán desarrollando en las Direcciones Especializadas contra las Organizaciones Criminales, contra el Narcotráfico, de Justicia Transicional, de Extinción del Derecho de Dominio y contra el Lavado de Activos, con el fin de garantizar los intereses de la administración de justicia y amparar los derechos de las víctimas.*

*Así las cosas, corresponde ahora al Gobierno Nacional decidir sobre la entrega del ciudadano colombiano Daniel Rendón Herrera a la autoridad extranjera que requirió su extradición..."*

Y en el mismo sentido lo indicó la Dirección de Asuntos Internacionales de la Fiscalía General de la Nación en el oficio remisorio[3] al Ministerio de Justicia y del Derecho de la mencionada comunicación:

> *"En el mencionado escrito de informa que las diligencias se encontraban pendientes se realizaron en la medida de lo posible, conforme a un cronograma establecido, motivo por el cual esta entidad queda a la espera del pronunciamiento del Gobierno Nacional, en relación con la entrega en extradición a los Estados Unidos de América del mencionado ciudadano, la cual fue diferida, mediante Resolución Ejecutiva No. 363 del 12 de diciembre de 2014..." (Se resalta).*

En el informe final se menciona lo siguiente:

> *"...El ente acusador dispuso la reactivación de investigaciones suspendidas por cuenta de la Ley 975 de 2005 (Ley de Justicia y Paz), una vez la judicatura decretó la exclusión del trámite de justicia transicional de alias "Don Mario".*

---

[3] Oficio N° 20171700082671 del 7 de noviembre de 2017.



MINISTERIO DE JUSTICIA Y DEL DERECHO
ÁLVARO GÓMEZ TRUJILLO
SECRETARIO GENERAL

ES COPIA DEL ORIGINAL QUE REPOSA
EN LOS ARCHIVOS DE ESTE MINISTERIO

425

Hoja No. 4 de la Resolución "Por la cual se ordena una entrega".

*Las víctimas han tenido la oportunidad de participar en los escenarios dispuestos para ello, en garantía del acceso a la administración de justicia, la verdad y la no repetición, principios fundamentales de la ley ordinaria y transicional colombiana.*

*Adicionalmente, Rendón Herrera aceptó responsabilidad por varios hechos delictivos en los cuales tuvo participación, para lo cual realizó aportes importantes acerca de las causas y móviles que generaron la victimización de centenares de personas.*

*Las investigaciones y juicios que se adelantan en Colombia seguirán su curso legal, por manera que los derechos de las víctimas no se verán conculcados por la extradición de Daniel Rendón Herrera."*

5. Que en virtud de lo expuesto y lo manifestado en el Informe final emitido por la autoridad judicial competente, en el que se indica que las diligencias que se encontraban pendientes con el ciudadano **DANIEL RENDÓN HERRERA** (indagatorias, interrogatorios, declaraciones juradas y sentencias anticipadas) ya se realizaron en la medida de lo posible, el Gobierno Nacional encuentra cumplida la condición establecida en el artículo 3 de la Resolución Ejecutiva N° 363 del 12 de diciembre de 2014, por lo que procederá a ordenar la entrega del mencionado ciudadano, previo el ofrecimiento del compromiso por parte del país requirente sobre el cumplimiento de las condiciones impuestas por el Gobierno Nacional, en el artículo 4 del mencionado acto administrativo.

Por lo expuesto,

**RESUELVE:**

**ARTÍCULO PRIMERO:** Ordenar la entrega del ciudadano colombiano **DANIEL RENDÓN HERRERA**, identificado con la Cédula de Ciudadanía N° 8.011.256, requerido por el Gobierno de los Estados Unidos de América, de conformidad con lo dispuesto en la Resolución Ejecutiva N° 363 del 12 de diciembre de 2014, previo el ofrecimiento del compromiso por parte del país requirente sobre el cumplimiento de las condiciones impuestas por el Gobierno Nacional en el artículo 4 del mencionado acto administrativo.

**ARTÍCULO SEGUNDO:** Comunicar la presente decisión al interesado o a su apoderada, haciéndole saber que contra la misma no procede recurso alguno.

**ARTÍCULO TERCERO:** Enviar copia de la presente Resolución a la Dirección de Asuntos Jurídicos Internacionales y a la Dirección de Asuntos Migratorios, Consulares y Servicio al Ciudadano del Ministerio de Relaciones Exteriores, al Fiscal Delegado contra la Criminalidad Organizada de la Fiscalía General de la Nación, al Juzgado Segundo Penal del Circuito Especializado de Antioquia en funciones de conocimiento, a los Juzgados Primero y Cuarto Penal del Circuito Especializado de Villavicencio, Meta, al Juzgado Tercero de Ejecución de Penas y Medidas de Seguridad de Descongestión de

MINISTERIO DE JUSTICIA Y DEL DERECHO
ÁLVARO GÓMEZ TRUJILLO
SECRETARIO GENERAL

ES COPIA DEL ORIGINAL QUE REPOSA
EN LOS ARCHIVOS DE ESTE MINISTERIO

425

Hoja No. 5 de la Resolución "Por la cual se ordena una entrega".

Ibagué, Tolima, y al Fiscal General de la Nación, para lo de sus respectivas competencias.

**ARTÍCULO CUARTO:** La presente Resolución rige a partir de la fecha de su comunicación.

**Publíquese** en el Diario Oficial, **comuníquese** al ciudadano requerido o a su apoderada, al Ministerio de Relaciones Exteriores, a las autoridades judiciales mencionadas y a la Fiscalía General de la Nación y **cúmplase**.

Dada en Bogotá, D.C. a

**2 0 DIC 2017**

EL MINISTRO DE JUSTICIA Y DEL DERECHO,

ENRIQUE GIL BOTERO

MINISTERIO DE JUSTICIA Y DEL DERECHO
ÁLVARO GÓMEZ TRUJILLO
SECRETARIO GENERAL

ES COPIA DEL ORIGINAL QUE REPOSA
EN LOS ARCHIVOS DE ESTE MINISTERIO



# REPÚBLICA DE COLOMBIA
## MINISTERIO DE RELACIONES EXTERIORES
## APOSTILLE
(Convention de La Haye du 5 Octobre 1961)

**País:** REPUBLICA DE COLOMBIA
(Country: - Pays:)

**El presente documento público**
(This public document - Le présent acte public)

**Ha sido firmado por:** GOMEZ TRUJILLO ALVARO DE FATIMA
(Has been signed by:)
(A été signé par:)

**Actuando en calidad de:** SECRETARIO GENERAL
(Acting in the capacity of:)
(Agissant en qualité de:)

**Lleva el sello/estampilla de:** MINISTERIO DE JUSTICIA Y DEL DERECHO
(Bears the seal/stamp of:)
(Est revêtu du sceau de/timbre de:)

**Certificado**
(Certified - Attesté)

**En:** BOGOTA D.C
(At: - A: )

**El:** 4/25/2018 11:07:15 a. m.
(On: - Le:)

**Por:** APOSTILLA Y LEGALIZACIÓN
(By: The Ministry of Foreign Affairs of Colombia - Par: Ministère des Affaires Étrangères de la Colombie )

**No:** ASEZ117175601
(Under Number: - Sous le numéro:)

Firmado Digitalmente por: (Digitally Signed by:)
Ministerio de Relaciones Exteriores de Colombia
MARIA LUCIA FERNANDEZ CARDENAS
Reason: DOCUMENT AUTHENTICITY
BOGOTA - COLOMBIA

**Firma:** (Signature:)

**Nombre del Titular:** DANIEL RENDON HERRERA
(Name of the holder of document:)
(Nom du titulaire:)

**Tipo de documento:** RESOLUCION
(Type of document: - Type du document:)

**Número de hojas apostilladas:** 5
(Number of sheets: - Nombre de feuilles:)

013040005935773                 425 Expedido (mm/dd/aaaa): 12/20/2017

El Ministerio de Relaciones Exteriores, no asume la responsabilidad por el contenido del documento apostillado. Articulo 3 Ley 455/98

La autenticidad de esta apostilla puede ser verificada en el Registro Electrónico que se encuentra en la siguiente página web:
The authenticity of this Apostille may be verified by accessing the e-Register on the following web site:
L'authenticité de cette Apostille peut être vérifiée en accédant l'e-Registre sur le site web suivant:

## www.cancilleria.gov.co/apostilla



6

# REPUBLIC OF COLOMBIA
# MINISTRY OF JUSTICE AND LAW
# RESOLUTION No. 425 OF
# DECEMBER 20, 2017

## ORDERING DELIVERY.

**THE PRESIDENT OF THE REPUBLIC OF COLOMBIA**
In exercise of his powers under Article 491 of Law 906/2004, and
**WHEREAS**

1. In Executive Resolution No. 363 of December 12, 2014 the Government **granted the extradition** of the Colombian citizen **DANIEL RENDÓN-HERRERA** ID 8.011.256 to appear before the United States authorities for trial on the following charges:

**Count 1.** Conspiracy to (a) provide material support or resources to an international terrorist organization, namely, Autodefensas Unidas de Colombia ("AUC") which was and continues to be designated as an international terrorist organization by the Secretary of State of the United States; and (b) provide the AUC with weapons, profits from the sale of drugs, personnel and other types of support and resources, with the knowledge that the AUC had been participating and were participating in terrorist activities; and

**Count 2.** Conspiracy to: (a) import five kilograms or more of cocaine to the United States from a place outside the United States and (b) distribute five kilograms or more of cocaine, with the intention and knowledge that said substance would be imported illegally to the United States from a place outside the United States.

These charges appears in superseding indictment No. S6 04 Cr. 962 (LAP) of October 1, 2013 in the US District Court of the Southern District of New York.

In the same decision, the Government **denied the extradition** of the Colombian citizen **DANIEL RENDÓN-HERRERA** for **Count 3** (Conspiracy to manufacture, distribute and possess with intent to manufacture and distribute 5 kg or more of cocaine, with the knowledge and intent of supplier to supply, but, directly or otherwise, something of monetary value to a person or organization which has taken part and takes part in terrorist activities and terrorism, that is, AUC, its members, operators and associates, having the knowledge that said persons and organization had participated in and participate in terrorism and terrorist activity), issued on October 1, 2013 in the US District Court for the Southern District of New York, since the Criminal Cassation Division of the Supreme Court of Justice has given an opinion unfavorable to extradition.

Finally, the Government decided, based on its discretion under Article 504 of Law 906/2004 to defer or postpone the delivery of the person claimed, and attending to

1

ANTHONY LETTS
Traductor Juramentado
Res. 139/80 Minjusticia

the opinion of the Supreme Court of Justice, to defer delivery of the citizen **DANIEL RENDÓN-HERRERA** until the he had made statements which were pending process, in order to protect the rights of victims, for which the Ministry of Justice and Law - every three months - requested information from the prosecution service was regard to the collaboration being provided by the citizen **DANIEL RENDÓN-HERRERA** on proceedings which were pending completion.

In that in administrative act, the Government expressly noted that the term granted to execute delivery could not confer any rights on the person extradited, but that it was granted with the purpose of facilitating collaboration with the justice system so that the required could be heard in his statements, interrogation, and in enquiries pending process.

**2.** The administrative act was not challenged, and was in firm in the terms of Section 87.3 of the Administrative Procedures and Disputes Code.

**3.** In accordance with the terms of Article 3 of Executive Resolution 363 of December 12, 2014, the Government will evaluate compliance with the conditions established there

**4.** After a number of regular reports[1] (two) sets to the ministry of justice in relation to collaboration and pending proceedings with the citizen **DANIEL RENDÓN-HERRERA**, the Prosecutor delegated against organized crime in communication 2017 7770017373 of November 2, 2017 since the International Affairs Division of the Prosecution Service in the **FINAL REPORT** corresponding to activities performed by the commission to support investigations related to the Colombian citizen **DANIEL RENDÓN-HERRERA** a.k.a. "Don Mario", lodged at the Ministry of Justice and Law on November 8, 2017.

In that communication, the delegate against organized crime reported that :
"*according to the timetable of activities proposed by this Office (formerly, the Articulation of Specialized National Prosecution Offices Directorate), the proceedings pending (in enquiries, interrogations, sworn statements and plea-bargaining) were conducted as far as possible, taking account of the magnitude and complexity of the criminal phenomena associated with Mr **RENDÓN-HERRERA**, and the wide variety of spaces and times of the occurrence of the events...*"

The Delegate said that in order to comply with these proceedings, they applied criteria of priorities and situations, and cases with observance and recognition of rights attached to direct and indirect victims of criminal conduct recognized and accepted by Mr **DANIEL RENDÓN-HERRERA**.

---

[1] Communications 3593 May 15, 2015; 3669 November 26, 2915; 625 of February 29, 2016; 1497 May 25, 2016; 2383 August 25, 2016; 201677700014903 December 27, 2016. 20177770013213 September 25, 2017; and 23017777001373 November 2, 2017

2

ANTHONY LETTS
Traductor Juramentado
Res. 139/80 Minjusticia

Official translation 2018-0507 made by Anthony Letts, official translator per Res. 139/1980 Ministry of Justice

Finally, the Delegate said that *"the investigations initiated on the basis of the collaboration offered by the person wanted in extradition continue to be developed in the special offices against organized crime, against drug trafficking, transitional justice, extinction or ownership rights and against asset laundering, in order to guarantee the interests of the administration of justice and to protect the rights of victims.*

*Therefore, it is now the business of the Government to decide on the delivery of the Colombian citizens DANIEL RENDÓN-HERRERA to foreign authorities who have requested his extradition..."*

And in the same sense, the International Affairs Division said in its remittal letter for that communication to the Ministry of Justice and Law[2]:

> *"In the mentioned document, it is informed that the items printed in this proceeding were evacuated as far as possible, in accordance with a timetable established, and for this reason,* **this office awaits the pronouncement of the Government with regard to the delivery and extradition of delivery of this citizen in extradition to the United States of America**, *which was deferred in Executive Resolution No. 363 of December 12, 2014...".*

The final report says the following:

> *"... The Prosecution Service ordered the reactivation of the investigation suspended under Law 975/2005 (Law of Justice and Peace), once the courts had ordered the exclusion from the proceedings for transitional Justice of a.k.a. "Don Mario".*
>
> *The victims have had the opportunity to participate in the scenarios ordered for it, in guarantee of access to the administration of justice, truth and non-repetition, being the fundamental principles of ordinary and transition law in Colombia.*
>
> *Additionally, RENDÓN-HERERRA has accepted responsibility for a number of criminal acts in which he took part, for which he has made important contributions to the causes and motives that generated the victimisation of hundreds of individuals.*
>
> *Investigations and judgements pursued in Colombia will continue the legal process, and therefore the rights of victims will not be adversely affected by the extradition of DANIEL RENDÓN-HERRERA ".*

5. In the light of the foregoing and the final report of the competent judicial authority, indicating that the proceedings pending process for **DANIEL RENDÓN-HERRERA** (inquiries, interrogation, sworn statements and plea-bargaining) have been

---

[2] Letter 20171700082671 of November 7, 2017

3



ANTHONY LETTS
Traductor Juramentado
Res. 139/80 Minjusticia

completed as far possible, the Government finds that the condition of Article 3 of Executive Resolution 3673 of December 12, 2014 has been met, and therefore will proceed to order the delivery of that citizen subject to the offer of commitments to observe conditions imposed by the Government in Article 4 of the administrative act.

And therefore

### IT IS RESOLVED

**ARTICLE 1**. To order the delivery of the Colombian citizen **DANIEL RENDÓN HERRERA** ID No. 8.011.256 required by the Government of the United States, in accordance with Resolution No. 363 of December 12, 2014, subject to the offer of a commitment by the State requiring to observe the conditions imposed by the Government in Article 4 of that administrative act.

**ARTICLE 2**. To communicate this decision to the interested party or his counsel, advising him that no further recourse is available.

**ARTICLE 3**. To send a copy of this Resolution to to the International Legal Affairs Office and the Office of Migration and Consular Affairs and Citizens Service at the Foreign Ministry, the Delegate against Organized Crime of the Prosecution Service, Special Criminal Court 2, Antioquia (Trials), Special Criminal Courts 1 and 4, Villavicencio, Meta, Execution of Sentences and Precautionary Measures 3 (Decongestion) Ibagué, Tolima and to the Attorney General, for them to act accordingly.

**ARTICLE 4**. This Resolution takes effect as of the date of its communication.

**BE THIS PUBLISHED**, in *Diario Oficial*, communicated to the required citizen or his counsel, to the Ministry of Foreign Affairs and to the judicial authorities mentioned, and to the Attorney General's Office and **obeyed.**

Given in Bogotá on December 20, 2017

Minister of Justice and Law,
**ENRIQUE GIL-BOTERO**

Legalization:
Apostille ASEZ 117175601 of 4/25/2018 confirms that this document was signed by ALVARO DE FÁTIMA GÓMEZ-TRUJILLO as Secretary General of the Ministry of Justice and Law.

Certified a true translation taken from its original
ANTHONY J. LETTS
Official Translator/Interpreter Res. 139/1980, M.J.

4


ANTHONY LETTS
Traductor Juramentado
Res. 139/80 Minjusticia